IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:03-CR-00347-1-F
No. 5:13-CV-52-F

| | |
|---|---|
| KEITH JAMES HARRIS, JR., )<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>Respondent. ) | O R D E R |

Keith James Harris, Jr. was charged in a one-count indictment with being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1). *See* Indictment [DE-1]. He pleaded guilty, and on August 3, 2004, Harris was sentenced to a term of 72 months imprisonment to be followed by a three year term of supervised release. *See* Judgment [DE-17]. Harris filed an appeal, but his conviction was affirmed. [DE-21].

The Fourth Circuit Court of Appeals on August 17, 2011, announced its *en banc* decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), acknowledging a decades-long misapplication of the North Carolina Structured Sentencing Act[1] to determining whether a prior North Carolina conviction constituted a "felony" for purposes of federal criminal law. The decision affects many persons convicted of felon in possession under § 922(g) by effectively eliminating their "felon" status, an essential element of that offense.

On January 23, 2013, Harris, through appointed counsel, filed a § 2255 motion [DE-38]. In his motion, he argues that in light of *Simmons*, he no longer has a valid felony predicate. Specifically, Harris argues that he is factually innocent of the crime of being a felon in possession

---

[1] The Structured Sentencing Act became effective in North Carolina on October 1, 1994.

of ammunition because he did not have any felony convictions on his record when he was charged with being a felon in possession.[2] The Government filed a Response [DE-42] on February 1, 2013, waiving the applicable statute of limitations and joining Harris in his request for this court to vacate his sentence and conviction.

In light of the record in this case, the parties' memoranda, including the Government's concessions, Harris' § 2255 motion [DE-38] is ALLOWED. The August 3, 2004 Judgment [DE-17] of conviction and sentence hereby is VACATED. His term of supervised release, as it relates to the instant case, hereby is TERMINATED.

The court notes that Harris had a subsequent federal felony conviction in case number 5:09-CR-329-F. Harris also received a term of supervised release for that case, and he presently has supervised release revocation proceedings scheduled in that case for the April 29, 2013 term of court in Wilmington, North Carolina. Because the court's instant vacatur will not render that revocation proceeding moot, the United States Probation Office is DIRECTED to consider this order when calculating the applicable Guideline Range.

SO ORDERED.

This, the 5 day of February, 2013.

_James C. Fox_
JAMES C. FOX
Senior United States District Judge

---

[2] Harris' North Carolina convictions were all Class H or I offenses, and he never received a sentence greater than 8-10 months. Even if he had been sentenced in an aggravated range, the sentence he faced could not have exceeded 12 months.

2